## DANIELSON v. NORTHWESTERN FUEL CO.

(Circuit Court, D. Minnesota, Fifth Division. February 15, 1893.)

1. JUDGMENT—FINALITY—EXECUTION.
   Where a motion for a new trial is made and duly filed with leave after judgment is entered, according to the practice of some districts, the judgment does not become final, so as to authorize the issuance of execution, until the motion is disposed of.

2. SAME—NEW TRIAL.
   Where an order denying a motion for a new trial is signed by the judge at chambers, in vacation, it does not become effective, so as to render the judgment final, until the order is filed of record in the clerk's office.

3. SAME—EXECUTION—WHEN ISSUABLE.
   Under Rev. St. § 1007, providing that until the expiration of 10 days an execution shall not issue "in any case where a writ of error may be a supersedeas." Sundays are to be excluded in the computation of time.

At Law. Action by Karl Danielson against the Northwestern Fuel Company. Hearing on motion to quash an execution. Granted.

Statement by NELSON, District Judge:

The judgment in this cause was entered in the fifth division of this district October 17, 1892, and on that day an order was entered, staying the issue of execution thereon, and a motion was made, before the stay was expired, for a new trial. This motion was heard at chambers, and taken under advisement, and on January 18, 1893, an order was signed by the judge, denying said motion, which order was sent to the clerk's office of the court in the fifth division for record, and was filed and entered of record therein on January 21, 1893. On January 30, 1893, an execution was issued by the clerk, but retained by him till January 31, 1893, and was received by a deputy United States marshal on the same day, but no levy was made, under and by virtue of the same, until February 2, 1893. On the 2d day of February aforesaid a citation was duly issued, a writ of error duly filed, and a supersedeas bond duly approved and filed. A bill of exceptions had been settled, signed, and filed before the latter day. A motion is now made to quash the execution, and set aside all proceedings that may have been done under the same.

Draper, Davis & Hollister, for the motion.
John W. Arctander, opposed.

NELSON, District Judge, (after stating the facts.) No execution could issue until a final judgment is rendered. The judgment became final at the time when the motion for a new trial was determined. See Woods v. Lindvall, 48 Fed. Rep. 73, 1 C. C. A. 34.

Although the order denying the motion for a new trial was signed by the judge in vacation, and at chambers, upon January 18, 1893, it was not effective, so that the judgment became final, until the order was filed of record in the clerk's office in the division in which the judgment was entered, which was on January 21, 1893.

Under section 1007, Rev. St. U. S., as interpreted by the United States supreme court, (Doyle v. Wisconsin, 94 U. S. 52,) the legislative intent is to be determined by looking at the old law as it existed before the revision; and when this is done it is found that, until the expiration of the term of 10 days, "execution shall not issue in any case where a writ of error may be a supersedeas;" and the term of

10 days also excludes Sundays. See, also, Kitchen v. Randolph, 93 U. S. 86, and Danville v. Brown, 128 U. S. 503, 9 Sup. Ct. Rep. 149.

Motion to quash execution is granted.