## THE ISLAND QUEEN.

(District Court, W. D. Pennsylvania. March 23, 1907.)

### No. 8.

COURTS—FEDERAL COURTS—PROCEDURE—ADOPTION OF STATE PRACTICE—EXECUTION—STAY.

Rev. St. § 988 [U. S. Comp. St. 1901, p. 708], which provides that "in any states where judgments are liens upon the property of the defendant, and where by the laws of such state defendants are entitled in the courts thereof to a stay of execution for one term or more, defendants in actions in the courts of the United States held therein shall be entitled to a stay of execution for one term," gives such right of stay in a federal court only when the defendant has property upon which the judgment, if in a state court, would be a lien, and who by reason of such lien would be entitled under the state law to a stay of such judgment. Under Act Pa. June 16, 1836 (P. L. 762), which makes judgments liens on real estate, but not on personal property, and gives a right of stay to a defendant owning sufficient real estate without other security, and also a right of stay to other defendants on their giving bail, a judgment defendant in a federal court who has no real estate cannot obtain a stay by virtue of said section 988 by giving bail.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 935, 936.

Conformity of practice in common-law actions to that of state court. see notes to O'Connell v. Reed, 5 C. C. A. 594, and Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Admiralty. On rule to show cause why execution should not issue.

Reed, Smith, Shaw & Beal, for libelant.
L. C. Barton, for respondent.

EWING, District Judge. The libelant having obtained a decree in this case, the owner of the defendant vessel thereupon went to the clerk's office and offered bail for stay of execution in accordance with the provisions of the act of the General Assembly of Pennsylvania of June 16, 1836 (P. L. 762), § 4, claiming the right to do so by virtue of the provisions of section 988 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 708]. The bail was not accepted, but, in order to raise the question after the tender thereof was made, the libelant came into court and obtained a rule on the defendant to show cause why execution should not issue, and this is the matter now before us for consideration.

Said section of the Revised Statutes of the United States is as follows:

"In any state where judgments are liens upon the property of the defendant, and where, by the laws of such state, defendants are entitled, in the courts thereof, to a stay of execution for one term or more, defendants in actions in the courts of the United States, held therein, shall be entitled to a stay of execution for one term."

In Pennsylvania, judgments are liens upon the real estate of the defendant within the jurisdiction of the court in which the judgment is obtained, but not upon the personal property of the defendant, and the third section (page 762) of the act of June 16, 1836, above referred to, provides that:

"In all actions instituted by writ for the recovery of money due by contract, or of damages arising from a breach of contract, except actions of debt and scire facias upon judgments, and actions of scire facias upon mortgages, if the defendant shall be possessed of an estate in fee simple, within the respective county, worth, in the opinion of the court, the amount of the judgment recovered therein, or the sum for which the plaintiff may be entitled to have execution by virtue thereof, clear of all incumbrances, he shall be entitled to a stay of execution, upon such judgment, to be computed from the first day of the term to which the action was commenced, as follows, to wit:

"(1) If the amount or sum aforesaid shall not exceed two hundred dollars, six months.

"(2) If such amount or sum shall exceed two hundred dollars, and be less than five hundred dollars, nine months.

"(3) If such amount or sum shall exceed five hundred dollars, twelve months."

And the fourth section of the same act provides that:

"Every defendant in any judgment obtained as aforesaid * * * if * * * he shall give security to be approved of by the court, or by a judge thereof, for the sum recovered, together with interest and costs, he shall be entitled to the stay of execution hereinbefore provided, in the case of a person owning real estate."

It is because of these provisions of the Pennsylvania act of 1836 that the defendant here claims that the right to stay of execution is conferred by said section 988 of the Revised Statutes. It seems that the question has never heretofore arisen in this court, and the counsel in the case have been unable to find any reported case in which it has arisen elsewhere. The question is therefore with us one of first impression. It strikes me that a fair construction of said section of the Revised Statutes of the United States is that in states where judgments are liens upon the property of the defendant, and by the laws of

that state the defendants are entitled, in the courts thereof, to a stay of execution by reason of the judgment being a lien upon such property of the defendant, that then, and only then, and for the same reason, namely, that the judgment is a lien upon the property of the defendant, the defendant shall be entitled to a stay of execution, in actions in the courts of the United States held in such state, for the period of one term; and that this construction involves the conclusion that, if a defendant has no property upon which such judgment is a lien, he is not entitled to a stay of execution in the courts of the United States, notwithstanding the laws of the state may provide for stay of execution by defendants who have no property upon which judgments against them would be a lien, upon their entering security. It thus appears to me that this section of the Revised Statutes should be interpreted as if it read as follows:

"In any state where judgments are liens upon the property of the defendant, and where, by the laws of such state, defendants are entitled, in the courts thereof, to a stay of execution for one term or more, by reason of such lien, defendants in actions in the courts of the United States, held therein, shall be entitled to a stay of execution for one term."

Thus if, in the present case, the defendant possessed real estate upon which the judgment or decree in this case is a lien (which does not appear), then such stay of execution might be allowed under the provisions of said section 988, but allowed only because of the lien of such judgments upon such real estate, and of the provision in the act of 1836 providing for such stay under those circumstances. If the intent and purpose of said section of the Revised Statutes of the United States was to enable the defendants in judgments obtained in the courts of the United States to obtain stay of execution thereon in accordance with the general laws of the state in which such courts are held, it would not have been necessary to specify in said section that such stay should only be allowed in cases where such judgments are liens upon the property of the defendants, for, as we have seen, in this state that is not a prerequisite to a stay of execution by the defendant, for he can enter security therefor, notwithstanding he may have no property at all, and obtain such stay. What could have been the purpose in providing that only in states where judgments are liens upon the property of the defendant such stay of execution can be had, except to obtain the benefit of such lien, and to place the defendant, upon whose property judgments in the United States courts are such liens, in the same position in which he would have been had the judgment been rendered in the state court? If that is not the purpose of this section, it is difficult to see why any reference is made to the judgment being a lien upon the property of the defendant, and if that is the purpose of said section, it then follows that defendants in judgments in the United States courts, in states where judgments of the state courts are liens upon the property of the defendants, shall have only such rights as to stay of execution as those accorded to them by the state courts, by reason of such lien. If this construction of the act be correct, there can be no stay of execution taken by the defendant in this case, as has been attempted.

In this view of the case it is not necessary to determine what is

meant by "one term," whether it is the period of six months (the duration of one term in this district) from the return day of the writ, or one term after that to which the writ is returnable, since the conclusion reached is that the defendant is entitled to no stay at all.

The rule is therefore made absolute.