**Paul M. VAN HUSS, Plaintiff,**

v.

**Paul M. LANDSBERG, Defendant.**

No. 15684-2.

United States District Court
W. D. Missouri, W. D.
Jan. 16, 1967.

**868**

Charles W. Medley, of Margolin & Kirwan, Kansas City, Mo., for plaintiff.

William A. Piedimonte, of Piedimonte & Cochran, Independence, Mo., for garnishees.

## ORDER

COLLINSON, District Judge.

This case was tried before a jury and resulted in a judgment for $77,500.00 in favor of the plaintiff and against the defendant on September 22, 1966. On October 3, 1966 (October 2 falling on Sunday), defendant filed a motion for new trial, but no application was made for stay of execution under the provisions of Rule 62(b), Fed.R.Civ.P.

On October 4, 1966, plaintiff ordered and secured a writ of general execution and caused summons of garnishee to be issued and served.

The motion for new trial was denied on October 10, 1966, the defendant filed his notice of appeal on October 17, but again no stay of execution was requested.

■ The defendant has filed a motion to quash the above garnishments. The first ground alleged in the motion is that the judgment was not final as long as the motion for new trial was pending, and therefore execution could not issue. Defendant cites one case from this circuit, Danielson v. Northwestern Fuel Co., C.C., 55 F. 49 (1893) which supports this contention. In 7 Moore's Federal Practice ¶ 62.04 this question is discussed, and it is pointed out that these old cases are no longer good law since the adoption of the Federal Rules of Civil Procedure. These rules provide for an automatic stay of execution for ten days after entry of judgment (Rule 62(a)) and a discretionary stay thereafter pending the disposition of a motion for new trial, upon such conditions for security of the other party as the Court deems proper (Rule 62(b)).

This Court holds that the opinion in the *Danielson* case, supra, is no longer controlling law but has been superseded by the Federal Rules of Civil Procedure.

■ The defendant then cites Rule 62 (f), which is as follows

(f) Stay According to State Law. In any state in which a judgment is a lien upon the property of the judgment

debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state.

The suggestions filed by the defendant then cite Mo.Sup.Ct.R. 78.02, V.A.M.R. which provides

> A motion for a new trial shall be filed not later than 15 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. If a timely motion is filed the judgment is not final until disposition of the motion.

Defendant then argues that this rule amounts to an automatic stay in Missouri until disposition of the motion for new trial. This is apparently the Missouri law, and is not challenged by the plaintiff.

Neither party has offered the Court substantial guidance in the very meager suggestions filed. The question presented is certainly of considerable importance to them according to the factual allegations of the parties. These factual allegations would seem to be addressed to the *equities* of the parties as of now, but question presented is one of law.

At the outset, this Court believes that the defendant should have filed with the court, with notice to the plaintiff, a request for a stay under the provisions of Rule 62(f) if he sought that rule's protection. There are a number of reasons why such a procedure would seem necessary under this situation. But, without determining the question of the necessity of such a motion, this Court will rule on the merits of this motion to quash.

It might be said that Rule 62(f) has no application because the provisions of the only Missouri rule upon which defendant can rely (78.02, supra) does not, strictly speaking, "entitle" the judgment debtor to a *stay of execution*, but simply provides that no judgments are final until final disposition of a timely motion for new trial. However, this is a very strict construction, because the practical effect

of the lack of finality is to entitle the debtor to a stay of execution on an existing judgment.

Again it might be argued that under State law this judgment does not constitute a lien upon any of judgment debtor's property. This argument could be made because of a peculiar exception found in the Missouri Supreme Court Rules.

■ In Missouri the judgment of any court of record (except magistrate courts) is a lien upon the debtor's real estate which is situated in "the county for which or in which the court is held." Mo.Sup.Ct.R. 74.34. But the same rules provide in Rule 74.76 that in a county having the population of Jackson County, in which this case was tried, a judgment shall not be a lien upon real estate until an abstract of the judgment is filed in the Circuit Clerk's office in a special book kept for that purpose. In other words, the abstract of the judgment, properly filed, becomes the lien, rather than the judgment itself. But Rule 74.77 indicates that the filing of the abstract of the judgment is a ministerial act (in the State court) to be performed by the Clerk of the Court within five days following the entry of judgment. It would therefore seem highly technical to hold that Missouri judgments, though liens in smaller counties, were not liens in metropolitan areas, for purposes of the interpretation of the Federal Rules, simply because they are required to be abstracted (obviously for the convenience of abstracters and title guaranty companies). And so, as for the application of 62(f) we will hold that Missouri is a State in which the judgment is a lien upon a certain class of the judgment debtor's property, to wit, real estate.

It is conceded by the parties that a Missouri judgment is not a lien against personal property. In this case, however, the execution has not been levied against real estate, but against intangible personal property. And so, the blunt question is, if the State law imposes a judgment lien upon a *certain* class of property and grants a stay of execution as to

all property, does Rule 62(f) entitle a judgment debtor in the federal courts of that State to a stay of execution as to all of his property or only as to the property upon which the State law imposes the lien?

Of course, in this connection, it is elementary that a judgment of a U. S. District Court is a lien on property located in the State "in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State * * *." 28 U.S.C. § 1962.

The Advisory Committee notes relating to Rule 62(f) simply state that it was derived from 28 U.S.C. § 841 (1946 Ed.) with a change caused by the abolition of terms of courts. The commentators and authors of text books also throw no light on this question, but do cite one case, The Island Queen, 152 F. 470 (W.D. Pa.1907). At that time the statute read "In any state where judgments are liens upon the property of the defendant, and where, by the laws of such state, defendants are entitled, in the courts thereof, to a stay of execution for one term or more, defendants in actions in the courts of the United States, held therein, shall be entitled to a stay of execution for one term."

In Pennsylvania, at that time, judgments were liens upon the real estate of the defendant within the jurisdiction of the Court, but not upon the personal property of the defendant, exactly as in Missouri today.

The Pennsylvania statutes further provided for an automatic stay of execution against real estate subject to the lien for a stated period of time depending on the size of the judgment, and a permissive stay (upon giving security) as to property not subject to the lien. The defendant applied for such permissive stay. In a well reasoned opinion the Court held that the Federal Statute only allowed a stay of execution in conformance with the State law as to the property upon which the State law granted a lien. Otherwise, the court reasoned, why refer to the lien, and why not place all judgment

debtors in the same position in reference to a stay of execution as they would have in the State court?

The next year the District Court for the Eastern District of Pennsylvania reached the opposite conclusion, under the same statutory provisions, and without mention of The Island Queen, supra. Petrified Bone Mining Co., et al. v. Rogers, C.C., 159 F. 1019 (E.D.Pa.1908).

As between these two exotically styled cases, the Court feels that the logic of The Island Queen is inescapable and equally applicable to the present federal rule. Without examining the statutory law of other states, it is obvious that at one time in Pennsylvania there was an automatic stay of execution against real estate because the judgment was a lien, presumably to give the judgment debtors an opportunity to raise the money to pay the judgment. The lien itself was the security.

 In Missouri judgments are a lien against real estate (and not against personal property) and the lien commences on the day of rendition of the judgment (Mo.Sup.Ct.R. 74.35), but there is an automatic stay of execution until a motion for a new trial is overruled. The fact that this automatic stay also applies to executions against personal property is immaterial, since Rule 62(f) is intended to only give an automatic stay in accordance with State law in those cases in which the judgment creditor has the security of his lien against real estate. Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial.

There is no question raised in the present motion as to the applicability of the garnishment proceedings to the relief sought of levying upon corporate stock and the Court is expressly not passing on this question in this opinion.

For the above reasons, the motion to quash the garnishments is denied, and the garnishees are directed to file answers to the interrogatories propounded within ten days.