William H. WHITE d/b/a Southern Investment Company

v.

Lofton A. PHILLIPS, Emma Lene Phillips, Roy C. Shumpert, Ruth C. Shumpert, Dennis Buttram.

Civ. A. No. 79–129A.

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 29, 1980.

---

Charles L. Gregory, Jeffrey C. Baxter, Atlanta, Ga., for plaintiff.

Kenneth O. Nix, Smyrna, Ga., Mark C. Ellison, Fletcher Thompson, Atlanta, Ga., Harry A. Sneed, Marietta, Ga., for defendants.

## ORDER

ORINDA DALE EVANS, District Judge.

The above–captioned case is before the Court on Plaintiff William White's motion to require Defendant Lofton Phillips to post a bond pending appeal in an amount sufficient to satisfy the judgment in full, together with costs and interest. Plaintiff requests that Defendant be required to post a bond in the amount of $55,000.

In support of his motion, Plaintiff shows the Court that under Georgia law an appellee may by motion obtain an order by the trial court requiring the appellant to file a supersedeas bond. Ga.Code Ann. § 6–1002. Plaintiff claims that this Court must follow Georgia law and thus grant Plaintiff's motion, citing the portion of Fed.R.Civ.P. 69(a) in which it is stated that the procedure

> ... in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

■ The Court does not find Fed.R.Civ.P. 69(a), and therefore Georgia law, to be applicable in the instant case. Rather, the Court finds that the relevant rule governing this case is Fed.R.Civ.P. 62(f) which provides:

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state.

There is no provision in the Federal Rules of Civil Procedure or in the Federal Rules of Appellate Procedure which speaks to the question of when a supersedeas bond may be required except for those provisions which relate to stays.[1]

■ It is undisputed that the appellant, Defendant Lofton Phillips, has not applied

---

1. Cost bonds, which are not involved in this case, are required as set forth in Fed.R.App.P. 7.

for a stay of execution. Plaintiff contends, however, that even though Defendant Phillips has not applied for a stay, that there is an automatic stay of execution under Fed.R.Civ.P. 62(f) because of the fact that in Georgia a judgment is a lien upon the property of the judgment debtor. Ga.Code Ann. § 110–507.

The Court finds that Fed.R.Civ.P. 62(f) does not serve to automatically stay the execution of a judgment in the absence of a request for a stay by the appellant, even in a case such as the instant one in which under the state law a stay would be automatic. The Court believes that the language of the rule entitling the appellant to a stay under these conditions gives the appellant the right to claim such protection if he wishes it. *See Colonial Bank & Trust Co. v. Cahill*, 424 F.Supp. 1200 (N.D.Ill. 1976); *Van Huss v. Landsberg*, 262 F.Supp. 867 (W.D.Mo.1967). Thus, there being no request for a stay of execution by the appellant, the Court finds that requiring appellant to post a supersedeas bond in the instant case would be contrary to federal practice and procedure. Plaintiff William H. White's motion to require Defendant Lofton A. Phillips to post bond pending appeal is hereby DENIED.

SO ORDERED.