877 F.2d 60
 13 Fed.R.Serv.3d 1024
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Helen MARTIN-TRIGONA, Plaintiff-Appellant,
v.
Joel P. BENNETT, P.C., Joel P. Bennett, Q. Russell Hatchl,
Clohan, Adams & Dean, A Partnership, William C.
Clohan, Jr., John E. Dean, Scott G.
Adams, Defendants-Appellees.
Helen MARTIN-TRIGONA, Plaintiff-Appellant,
v.
Joel P. BENNETT, P.C., Joel P. Bennett, Q. Russell Hatchl,
Clohan, Adams & Dean, A Partnership, William C.
Clohan, Jr., John E. Dean, Scott G.
Adams, Defendants-Appellees.
 Nos. 88-1800, 89-1402.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 9, 1989.
Decided June 12, 1989.
 
 Helen Martin-Trigona, appellant pro se.
 Q. Russell Hatchl for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Helen Martin-Trigona appeals two orders of the district court: one denying her motion for a preliminary injunction and one granting a motion for summary judgment for the defendant in Martin-Trigona's suit seeking declaratory relief and damages. We affirm both orders.
 
 
 2
 Martin-Trigona filed this suit pro se against a law firm and several of its attorneys [hereinafter "Bennett"], seeking damages and declaratory relief for an allegedly "false" judgment recorded against her. Jurisdiction was sought in the district court pursuant to 28 U.S.C. Sec. 1331, the federal question jurisdiction statute. Martin-Trigona asserted that Bennett caused to be recorded in Virginia an order rendered by the United States District Court for the District of Columbia which awarded fees due to Bennett under a contract with Martin-Trigona. She alleged that the order was not a valid judgment upon which execution could be had. In addition to monetary and declaratory relief, Martin-Trigona sought a preliminary injunction directing the clerk of records in Virginia to expunge the order.
 
 
 3
 The district court denied injunctive relief, reasoning that until the judgment of the D.C. district court was vacated, set aside, or stayed, it was properly recordable in Virginia. The court also granted a motion for summary judgment for Bennett, and dismissed Martin-Trigona's suit.[1]
 
 
 4
 Martin-Trigona asserts that the D.C. district court's order was not recordable in Virginia because the order did not comply with the requirements of a valid final judgment contained in Federal Rule of Civil Procedure 58. Contrary to this assertion, the "Amended Order" dated September 29, 1988, complied with the requirements of Rule 58.[2] Further, the separate document requirement of Rule 58 goes only to the finality of a judgment for the purposes of appeal, not to the judgment's validity for other purposes, such as recordation. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978); Hummer v. Dalton, 657 F.2d 621, 623-24 (4th Cir.1981).
 
 
 5
 Martin-Trigona contends that the order was not recordable because the clerk of the D.C. district court did not sign it, as required under Rule 58. This argument is unavailing because the absence of a clerk's signature from a judgment which is approved by the court, as evidenced by the judge's signature, does not undermine the validity of the judgment. See Wyzik v. Employee Benefit Plan of Crane Co., 663 F.2d 348, 349 n. * (1st Cir.1981); Scola v. Boat Frances, R., Inc., 618 F.2d 147, 151 (1st Cir.1980).
 
 
 6
 Martin-Trigona next argues that the judgment was not properly recordable because when it was recorded, the D.C. district court had before it timely motions to vacate or for a new trial under Fed.R.Civ.P. 59.[3] A timely Rule 59 motion does not automatically suspend the authority to record a federal judgment in a state court. See Fed.R.Civ.P. 62(b); Marcelletti & Son Constr. Co. v. Millcreek Township Sewer Auth., 313 F.Supp. 920, 925 (W.D.Pa.1970); Van Huss v. Landsberg, 262 F.Supp. 867 (W.D.Mo.1967); 7 J. Moore & J. Lucas, Moore's Federal Practice p 62.04 n. 4 (2d ed. 1987); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2903 (1973). Martin-Trigona's reliance on Anastos v. M.J.D.M. Truck Rentals, Inc., 521 F.2d 1301, 1304 n. 5 (7th Cir.1975), cert. denied, 424 U.S. 928 (1976), is misplaced. The court in Anastos held that the recordation of a federal judgment in Illinois did not create a valid lien under Illinois law because a pending Rule 59 motion in the federal court deprived the judgment of finality. The Anastos court expressly differentiated, however, between the recordation of a judgment, and the creation of a valid lien by virtue of the recordation, with the pendency of a Rule 59 motion preventing the latter, not the former. Anastos, 521 F.2d at 1303-04. In the instant case, there is no indication in the record that Bennett ever did anything to enforce the judgment of the D.C. district court, other than recording it in Virginia. Indeed, at the hearing on Martin-Trigona's motion for injunctive relief, she conceded that no action other than recordation had been taken in pursuit of the judgment's enforcement. Anastos therefore provides no basis for relief from recordation of the judgment in Virginia.
 
 
 7
 Next, Martin-Trigona contends that 28 U.S.C. Sec. 1963 prevented recordation of the judgment in Virginia. That statute has no application to this case because it only addresses the registration of federal judgments in other federal courts. See 28 U.S.C. Sec. 1963; Keeton v. Hustler Magazine, Inc., 815 F.2d 857, 861-62 (2d Cir.1987).
 
 
 8
 Finally, Martin-Trigona asserts that the judgment rendered by the D.C. district court was void because the underlying contract dispute between Martin-Trigona and Bennett was properly the subject of arbitration under the contract. This contention is not relevant to the validity of the judgment for the purpose of recordation. Instead, it is properly cognizable only in a direct attack (as on appeal) of the judgment.
 
 
 9
 Finding all of Martin-Trigona's contentions of error by the district court in denying injunctive relief and granting summary judgment for Bennett to be without merit, we affirm the orders of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The court granted the motion for summary judgment "[f]or the reasons stated from the bench." Because the transcript of the proceedings on the motion for summary judgment is not part of the record on appeal, the basis for the district court's judgment is not apparent. However, because we determine that summary judgment was appropriate (see below), the omission from the record of the transcript is of no moment
 
 
 [2]
 On appeal, Martin-Trigona also complains about the execution of an order by the D.C. district court dated May 9, 1988. The recordability of that order, which was subsequently modified by the order of September 29, 1988, was not before the district court below. We therefore do not consider the issue
 
 
 [3]
 According to the Appellees' Brief, the Rule 59 motions were denied by order dated December 21, 1988. Assertedly, Martin-Trigona has filed a timely notice of appeal from the September 29, 1988, order and now has an appeal pending with the District of Columbia Court of Appeals