# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-60153

BENNIE WHITEHEAD; ET AL.,

                Plaintiffs,

versus

FOOD MAX OF MISSISSIPPI, INC.; ET AL.,

                Defendants.

KMART CORPORATION,

                Defendant-Appellee,

versus

PAUL S. MINOR,

                Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

January 11, 2002

Before POLITZ and BARKSDALE, Circuit Judges, and FALLON,[*] District Judge.

POLITZ, Circuit Judge:

---

[*]District Judge, Eastern District of Louisiana, sitting by designation.

Paul S. Minor appeals an order imposing sanctions for his execution of a judgment at a Kmart retail store. Concluding that the trial court erred in its interpretation and application of Rule 62(f) of the Federal Rules of Civil Procedure, we reverse.

## BACKGROUND

A woman and her daughter were abducted from Kmart's parking lot. The offenders raped the victim while holding her child at knife-point. In a jury trial plaintiffs successfully sued Kmart. Their counsel was the appellant, Paul Minor. Kmart moved for a new trial, a remittitur, and a stay under Fed. R. Civ. P. 62(b) pending disposition of its motions. The district court denied these motions and three days later Minor obtained a Writ of Execution and *Fieri Facias* from the Clerk of Court. Accompanied by newspaper and television reporters Minor went to the local Kmart establishment with two federal marshals and sought execution on the writ by seizing money assets in the store's registers and safe. The district court, informed of Minor's steps to execute the judgment, instructed the Marshals' office to cease and desist pending a telephone conference that afternoon. At the conference, the court directed Kmart to submit a bond so that all matters would be stayed pending appeal. Kmart agreed, and also filed its Notice of Appeal, Motion for Stay of Execution of Judgment Pending Appeal, and Amended Motion for Approval of Supersedeas Bond.

2

Thereafter, Kmart moved for sanctions under Rule 11(b), 11(c)(1)(B), and 28 U.S.C. § 1927, supporting its motion by citing Rule 62(f) of the Federal Rules of Civil Procedure which provides that a judgment debtor is entitled to a stay as would be accorded the debtor had the action been maintained in state court. Kmart claimed that Rule 62(a) of the Mississippi Rules of Civil Procedure provides for an automatic ten-day stay following the denial of a motion for a new trial. It claimed that Minor's actions in executing the judgment contravened that Rule. While Kmart's motion for sanctions was pending, we affirmed as to the liability of Kmart but remanded for a new trial on damages.

The district court thereafter granted Kmart's motion for sanctions, finding that Minor "was seeking to embarrass [Kmart] . . .when, in fact, there was no basis whatsoever in fact or in law for the actions taken on August 21, 1997." The court found no basis for Minor's actions because it concluded that Kmart enjoyed an automatic stay under federal Rule 62(f) and Mississippi Rule 62(a). The trial court relied on the language of Rule 62(f) which says that a judgment debtor is *entitled* to such stay as would be accorded in state court, and noted that Mississippi Rule 62(a) would have given Kmart an *automatic* stay until ten days after the court ruled on its motion for a new trial. The trial court determined that Minor "failed to make a reasonable inquiry into the law governing execution of judgments." Minor appeals this

order granting sanctions.

## ANALYSIS

We review a district court's decision to invoke Rule 11 under an abuse of discretion standard,[1] giving great deference to an order imposing sanctions because "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11."[2] Even under this deferential standard, however, a court abuses its discretion when its "ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[3] We conclude that the trial court erred in its interpretation of Rule 62(f) and that Minor's conduct complied with the mandates of Rule 11.

### I. Federal Rule 62(f) and Mississippi Rule 62(a)

The district court based its ruling on the specific language of federal Rule 62(f) and the automatic stay authorized by Mississippi Rule 62(a). Rule 62(f) of the Federal Rules of Civil Procedure provides in pertinent part that:

> [i]n any state in which a judgment is a lien upon the property
> of the judgment debtor and in which the judgment debtor is
> entitled to a stay of execution, a judgment debtor is entitled,
> in the district court therein, to such stay as would be

---

[1] Childs v. State Farm Mut. Automobile Ins. Co., 29 F.3d 1018 (5th Cir. 1994).

[2] Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990).

[3] Matta v. May, 118 F.3d 410, 413 (5th Cir.1997).

accorded the judgment debtor had the action been maintained in the courts of that state.

The court noted in a footnote that this rule applied herein because Kmart was a judgment debtor against whose property the judgment operated as a lien and it was entitled to a stay of execution under Rule 62(a) of the Mississippi Rules of Civil Procedure. That rule provides as follows:

> **(a) Automatic Stay: Exceptions**. Except as stated herein or as otherwise provided by statute or by order of the court for good cause shown, no execution shall be issued upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after the later of its entry or the disposition of a motion for a new trial....

The court determined that although Kmart did not move for a stay under either of these rules, it nonetheless enjoyed a ten-day stay under Rule 62(a) because such a stay applies automatically after the disposition of a motion for a new trial and federal Rule 62(f) states that a judgment debtor is "entitled" to any stay applicable in state court. A close reading of the rule, practical and policy considerations, and a review of the legal authority addressing this issue persuades us beyond peradventure that the trial court erred in its application of federal Rule 62(f).

A.     Plain Meaning of Rule 62(f)

Although Rule 62(f) provides that a judgment debtor is "entitled" to such stay as it would receive if the action were brought in state court, we must disagree with the

district court that by this choice of language Congress sought to afford the protection of state staying provisions without requiring parties to file an appropriate motion with the court. The word "entitled" includes "to grant a legal right to or qualify for."[4] Accordingly, Rule 62(f) bestows upon the federal litigant grounds for securing or claiming an applicable state law stay in the district court. We must conclude, however, that the Rule does not afford the protection of a stay applicable under state law, even if automatic in state court, *unless* the litigant asserts the rights by filing a proper motion.[5]

### B.    Policy Considerations

Sound policy protocols militate against enforcing state staying provisions in federal court without requiring the benefitting party to request such relief. Permitting a party to rely on a state procedural rule without affirmatively seeking its protection places federal trial judges in a precarious position. In addition to the obvious necessity of possessing a detailed knowledge of the federal rules, such an interpretation would require federal judges to master the intricate procedural rules and practice of the various states. The problems associated with this approach increase exponentially in

---

[4] Black's Law Dictionary 553 (7th ed. 1999).

[5] We note that the use of "entitled" in other federal rules supports this definition. For example, the rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

diversity cases with complex choice-of-law issues. Cases invoking diversity jurisdiction could require an in-depth grasp of not only the law of the state in which a federal judge sits, but the law of any given state. After resolving the choice-of-law issues, the judge would have to scrutinize the law of the subject state to ensure that none of the court's orders violated an automatic stay provision instantly applicable through Rule 62(f), notwithstanding the fact that the benefitting party filed no motion identifying the relevant state rule, practice, or procedure. We deem it unwise and inappropriate and therefore decline to impose such a heavy and unnecessary burden upon our brethren in the district courts.[6]

C.  Legal Authority

Our review discloses no legal authority supporting the proposition that a party enjoys protection under a state procedural rule, practice, or procedure applicable through Rule 62(f), without actively seeking such protection from the district court. Initially, the federal rules specifically provide that an application for an order by the court shall be by motion.[7] The effect of a stay in this situation is indistinguishable from obtaining an order because it bars a successful litigant from taking any action on the

---

[6] We note also that Rule 62(f) applies only if certain conditions are met. Requiring a party to file a motion affords the court the ability to analyze whether the movant presented sufficient facts to satisfy these conditions.

[7] FED. R. CIV. P. 7(b)(1).

judgment. Accordingly, a party must file a motion placing both the court and any adverse party on notice that a stay is sought.

An exhaustive review of the jurisprudence reveals no precedent holding that a party need not file a motion under Rule 62(f). In <u>Van Huss v. Landsberg</u>,[8] the Western District of Missouri heard appellant's motion to quash garnishments because Missouri state law provided for an automatic stay until the disposition of a motion for a new trial. While such a motion was pending plaintiff secured a writ of execution and caused summons of garnishee to issue. Appellant sought relief under federal Rule 62(f) but had not filed any motion with the court. The court stated:

> At the outset, this Court believes that the defendant should have filed with the court, with notice to the plaintiff, a request for a stay under the provisions of Rule 62(f) if he sought that rule's protection. There are a number of reasons why such a procedure would seem necessary under this situation. But, without determining the question of the necessity of such a motion, this Court will rule on the merits of this motion to quash.[9]

While mere dicta, these comments confirm our reading of the plain language of Rule 62(f) and the conclusion that there must be a motion to secure a stay under state law. Further, in <u>White v. Phillips</u>,[10] the Northern District of Georgia rejected appellee's

---

[8]  262 F. Supp. 867 (W.D. Mo. 1967).

[9]  <u>Id.</u> at 869.

[10]  88 F.R.D. 263 (N.D.Ga. 1980).

claim that Rule 62(f) applied automatically, giving appellant a stay under state law and requiring him to post a supersedeas bond. The court's language was unambiguous: "The Court finds that Fed.R.Civ.P. 62(f) does not serve to automatically stay the execution of a judgment in the absence of a request for a stay by the appellant, even in a case such as the instant one in which under the state law a stay would be automatic."[11]

This interpretation is amply supported by the secondary authorities addressing the issue. In Wright & Miller's learned treatise on civil procedure, the authors opine: "Even though the stay may be automatic in state practice, in federal court a party who seeks the protection of a stay under Rule 62(f) should file with the court, with notice to the plaintiff, the request for the stay."[12] While the authors footnote this sentence to Van Huss, their inclusion of this rule reaffirms that the legal authorities considering this issue unanimously interpret Rule 62(f) to require a party to file a motion before enjoying the benefits of a stay.

Our reading of the rule, extensive review of the legal authorities, and

---

[11] Id. at 265; See also United States v. Kurtz, 528 F. Supp. 1113, 1114 n.2 (E.D.Pa. 1981) (stating "[b]ecause defendant has not argued that he would be entitled under state law to a stay, the question of his rights under Rule 62(f) is not before us").

[12] 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2907 (2d ed. 1995).

consideration of the practical policy ramifications, disclose no persuasive reason for holding that a party may enjoy a state law stay under Rule 62(f) *without* filing a motion seeking such relief from the court. Accordingly, we conclude and hold that Rule 62(f) did not operate to grant Kmart the claimed automatic stay.

## II. Order Imposing Sanctions

A lawyer routinely certifies that any representations made to the court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or the non-frivolous argument for the extension, modification, or reversal of the same, and that any allegations have evidentiary support.[13] In light of its interpretation of Rule 62(f), the trial court found that Minor failed to make a reasonable inquiry into the law governing execution of judgments before requesting the writ.[14] The record does not support this finding. Minor did research the relevant case law and consulted secondary sources. His research revealed at least one case in which a district court seemingly approved of a similar execution at a Kmart store.[15] In addition, the court found that Minor was "seeking to embarrass the defendant and call attention to

---

[13] FED. R. CIV. P. 11.

[14] The stay under Mississippi Rule 62(a) extended for ten days after the court ruled on Kmart's motion for a new trial. Minor sought, and received, the Writ of Execution only three days after the court's ruling on Kmart's motion.

[15] See Moses v. Kmart Corp., 922 F.Supp. 600 (S.D. Fla. 1966).

10

himself as a tireless laborer of the bar attempting to obtain justice for his client when, in fact, there was no basis whatsoever in fact or in law for the actions taken on August 21, 1997." While we recognize the discretion afforded to the district court in the imposition of sanctions, our interpretation of Rule 62(f) necessarily mandates reversal of the trial court's order.

Initially, as noted above, because Kmart did not move for a stay under federal Rule 62(f), it did not enjoy a stay when Minor sought a Writ of Execution. We are aware of no dispositive authority mandating or even suggesting against the seeking of such a writ, and Minor's conduct therefore cannot fairly be characterized as objectively unreasonable. Further, Kmart's actions belie their current contention that they enjoyed a stay under Rule 62(f). Kmart moved for a Rule 62(b) stay pending the court's ruling on the post trial motions, which would have been unnecessary if it already enjoyed a stay under Rule 62(f) because Mississippi Rule 62(a) prevents any execution on a judgment before "the expiration of ten days after the later of *its entry* or the disposition of a motion for a new trial." While Kmart's Rule 62(b) motion would protect against execution during the period after ten days but before the court's ruling on the post-trial motions, we find its failure to reference Rule 62(f) until its motion for sanctions highly suspect. Accordingly, Kmart's performance herein also persuades that Minor's actions were not legally unreasonable.

11

Finally, we conclude that any embarrassment suffered by Kmart as a result of Minor's methodology in executing the judgment at the store is insufficient to justify sanctions under Rule 11. Minor sought to execute on a final judgment for his client. He appropriately sought and obtained a Writ of Execution in accordance with the federal rules. Absent exceptional circumstances, the court should not read an ulterior motive into a document filed for a legitimate purpose because "[i]t is not the role of Rule 11 to safeguard a defendant from public criticism that may result from the assertion of non-frivolous claims."[16] Rule 11 treats all filings in the same fashion, whether a complaint or a motion, and Minor's decision to seek a writ of execution passes muster under that Rule.

Kmart's complaint, stripped to essentials, is the manner of execution, accompanying the marshals with media representatives. Our decision is not to be taken as condoning the manner in which Minor executed his lawfully obtained writ. The intentional use of publicity for the purpose of embarrassing an adversary is patently inappropriate, but the decision as to any consequences that might flow from such behavior properly belongs in the hands of the Mississippi authorities and their judgment call as to proper professional performance and penalties for any failure thereof.

Because of our conclusion that a reversal is in order herein because Minor's

---

[16] Sussman v. Bank of Israel, 56 F.3d 450, 459 (2d Cir. 1995).

12

conduct was not legally unreasonable and therefore not sanctionable, we do not address Minor's motion for a reversal based on the claim that Kmart inappropriately did not reveal the existence of insurance coverage.

**III.    Conclusion**

Minor's execution of the judgment at the Kmart store was not sanctionable under Rule 11.  The district court's order imposing sanctions, therefore, constituted an abuse of discretion and that order is REVERSED.  The three pending motions filed by appellant on February 26, 2001 are, accordingly, DENIED as moot.

ENDRECORD

RHESA HAWKINS BARKSDALE, Circuit Judge, dissenting:

Notwithstanding my great admiration for my brethren in the majority, I respectfully disagree with their holding that the district court abused its discretion in imposing sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure. Instead, I would hold that the district court acted within its considerable discretion in ruling that neither Paul S. Minor's writ-request, nor his conduct during its execution, was objectively reasonable.

The majority quite properly labels Minor's "intentional use of publicity for the purpose of embarrassing an adversary ... patently inappropriate", *Maj. Op.* at 12, but leaves it to a state bar to consider. Instead, we should affirm the action taken by the district court, the entity in the best position to — and that must — supervise the conduct of attorneys appearing before it. Regretfully, the majority vacates proper sanctions against conduct that was not only intended to harass the defendant, but that was also a flagrant affront to the judicial process. Such conduct made a mockery of the rule of law.

## I.

In May 1997, the district court entered an approximate $3.4 million judgment in favor of Minor's clients against Kmart Corporation in an action arising out of heinous

acts by two individuals not associated with Kmart: their horrific abduction of a mother and her daughter from a Kmart parking lot in Jackson, Mississippi, and the subsequent, even more horrific, rape of the mother. A jury found Kmart negligent, for failure to provide adequate parking lot security. *See **Whitehead v. Food Max of Miss., Inc.**,* 163 F.3d 265 (5th Cir. 1998).

That June, Kmart timely moved for a remittitur or, alternatively, for a new trial. In addition, under Rule 62(b) of the Federal Rules of Civil Procedure, it requested a stay of execution of judgment, pending resolution of its post-trial motions. The motions were denied in mid-August.

Three days later, Minor requested, and obtained, from the district court clerk a writ of execution for the judgment. Although the district court did not make a finding of fact on this point, Kmart asserts, and Minor does not dispute, that he notified the media about the forthcoming writ-execution. Thereafter, with invited media representatives present, Minor, accompanied by United States Marshals, entered the Kmart and began to execute on the judgment, by seizing currency in the store's cash registers and its vault.

While at Kmart, Minor was interviewed by the media; subsequently, reports about the writ-execution, including Minor's extremely intemperate statements, were, among other things, presented in at least three television newscasts. In those broadcast

15

interviews, and even though it was only three days after denial of the new trial motion and significant time remained for Kmart to file a notice of appeal and post a supersedeas bond, Minor: characterized Kmart's actions as arrogant and outrageous and asserted it would not pay the judgment; charged his clients had been victimized twice by Kmart, once by being abducted there and once by Kmart's not paying the judgment; and proclaimed he was there to ensure Kmart did what it was supposed to do.

While the writ-execution was in progress, and upon learning of Minor's actions, the district court directed him to cease and desist and set a teleconference with the parties. During that conference, the district court directed Kmart to submit a supersedeas bond, which was later approved.

A few days after Minor's attempted execution of judgment, Kmart moved for sanctions, pursuant to Rule 11. It asserted Minor violated a ten day stay of execution of judgment, claimed to be in effect pursuant to Rule 62(f) of the Federal Rules of Civil Procedure, which incorporates Rule 62(a) of the Mississippi Rules of Civil Procedure. Federal Rule 62(f) provides:

> **Stay According to State Law.** In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is *entitled*, in the district court held therein, *to such stay*

16

> *as would be accorded the judgment debtor had the action been maintained in the courts of that state.*

FED. R. CIV. P. 62(f) (emphasis added).  Mississippi Rule 62(a) provides in part:

> **Automatic Stay; Exceptions**.  Except as stated herein or as otherwise provided by statute or by order of the court for good cause shown, *no execution shall be issued upon a judgment* nor shall proceedings be taken for its enforcement *until the expiration of ten days after* the later of its entry or *the disposition of a motion for a new trial*.

MISS. R. CIV. P. 62(a) (emphasis added).

According to Kmart, because, under Mississippi Rule 62(a), a ten day stay is automatic in Mississippi state courts after disposition of a new trial motion, the application of that rule, through Federal Rule 62(f), resulted in such a stay for Kmart. It also asserted that Minor, without justification, appeared at the Kmart with the media and "orchestrated damage to Kmart, its business and goodwill".

Minor responded that, following denial of the new trial motion, Kmart had not moved under Federal Rule 62(f) for the Mississippi Rule 62(a) automatic stay. Therefore, according to Minor, no stay had been in effect.

After reviewing the precedent regarding Rule 62(f), the district court ruled:  a motion is not a prerequisite to such a stay; and Kmart was protected by it. ***Whitehead***

***v. K Mart***, No. 3:95-cv-827WS, at 14 (S.D. Miss. 31 Mar. 1999) (***Whitehead-USDC***).

The district court concluded that Minor had failed to make a "reasonable inquiry into the law governing execution of judgments in the instant case", and was, therefore, subject to sanction. ***Id***. at 15. Regarding Minor's collateral media-actions, the district court found: "It is clear ... that [Minor] was seeking to embarrass [Kmart] and call attention to himself as a tireless laborer of the bar attempting to obtain justice for his client when, in fact, there was no basis whatsoever in fact or in law for the actions taken on August 21, 1997". ***Id.*** at 16-17.

As a result, Minor was ordered to pay Kmart approximately \$8,000 — the attorney's fees it incurred in opposing execution of judgment. ***Id***. at 17. Although Kmart requested a public apology by Minor, the district court determined that publication of its sanctions opinion would suffice. ***Id***. (Pending appeal of its ruling, that opinion has not been published.)

## II.

The able majority errs in two critical respects: (1) deciding, as it does, whether a motion is required to trigger a stay under Rule 62(f) is unnecessary, because at issue is whether, pursuant to Rule 11, Minor's actions were objectively reasonable in the light of *then existing* legal authority; and (2) the majority discounts Minor's media-actions and leaves to a state bar the task entrusted to federal courts under Rule 11.

18

Rule 11 provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*, —
>
> > (1)   *it is not being presented for any improper purpose*, *such as to harass* or to cause unnecessary delay or needless increase in the cost of litigation; [and]
> >
> > (2)   the claims, defenses, and other legal *contentions therein are warranted* by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law....

FED. R. CIV. P. 11(b) (emphasis added). Each obligation must be satisfied; violation of either justifies sanctions. *See, e.g., **Walker v. City of Bogalusa***, 168 F.3d 237, 241 (5th Cir. 1999). And, in reviewing compliance *vel non* with each obligation, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances". ***Childs v. State Farm Mut. Auto. Ins. Co.***, 29 F.3d 1018, 1024 (5th Cir. 1994).

The imposition of Rule 11 sanctions is reviewed for an abuse of discretion. *E.g.*, ***Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.***, 128 F.3d 872, 884 (5th Cir. 1997). "This standard is *necessarily deferential* because, based on its '[f]amaliar[ity] with the

19

issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the *fact-dependent* legal standard mandated by Rule 11.'" *Id*. (quoting **Cooter & Gell v. Hartmarx Corp.**, 496 U.S. 384, 402 (1990); emphasis added). Accordingly, as the majority recognizes, we owe "great deference" to the sanctions order. **Maj. Op.** at 4.

The nature of sanctions authorized by Rule 11 reflects the considerable discretion vested in the district court:

> A sanction imposed for violation of this rule shall be limited to what is *sufficient to deter repetition of such conduct or comparable conduct by others similarly situated*. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

FED. R. CIV. P. 11(c)(2) (emphasis added). As noted, sanctions are appropriate for violation of either of the above-quoted Rule 11 obligations.

## A.

The majority deals primarily with whether, under Federal Rule 62(f), a motion is necessary to trigger the Mississippi Rule 62(a) automatic stay. Because resolution of this issue is unnecessary, a large part of the majority opinion is *dictum*. Under Rule

20

11, in

> assessing an attorney's legal claims, this court has held that he need not provide an absolute guarantee of the correctness of the legal theory advanced in the papers he files. Rather, the attorney must certify that he has conducted reasonable inquiry into the relevant law. Then, regardless of whether the attorney's view of the law is erroneous, sanctions can be imposed only if his position can fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal.

*FDIC v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994) (internal quotation marks and citations omitted). Accordingly, we should focus on: whether Minor undertook a reasonable inquiry into authority regarding Rule 62(f); and, if he did, whether his actions were objectively reasonable.

In a supplemental affidavit in opposition to the sanctions motion, Minor states he undertook an inquiry into the applicability of Rule 62(f) and determined, under *Van Huss v. Landsberg*, 262 F. Supp. 867 (W.D. Mo. 1967), and 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2907 (1995), that, because Kmart had not filed a motion seeking a stay under Rule 62(f), no stay was in effect. He also stated he "relied on the fact that [, when it had earlier moved for a new trial,] Kmart had requested a stay under Fed. R. Civ. P. 62(b), which was unnecessary if Kmart believed that it was automatically entitled to a stay under Rule 62(f), and was inconsistent with any claim to a Rule 62(f) stay".

21

Minor's reliance on *Van Huss* was not objectively reasonable. There, the district court's observation that the defendant should have filed a stay request with the court is, as Minor admits, *dictum*. In *Van Huss*, subsequent to a new trial denial, the defendant never requested a stay of execution of judgment. The plaintiff then requested a writ of execution and "caused summons of garnishee to be issued and served". 262 F. Supp. at 868. The defendant moved to quash, asserting that, under Rule 62(f) and Missouri law, he was entitled to a stay. *Id*. at 868-69.

The district court observed that "the defendant *should* have filed with the court ... a request for a stay under the provisions of Rule 62(f) if he sought that rule's protection.... But, *without determining the question of the necessity of such a motion*, this Court will rule on the merits of this motion to quash". *Id*. at 869 (emphasis added). Here, the district court correctly noted that, "when [the *Van Huss* court] expressed [its] personal belief that a motion should be made before one may seek a stay under Rule 62(f), [the court] was not stating as a matter of law what Rule 62(f) requires". *Whitehead-USDC*, at 8.

Likewise, Minor's reliance on 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2907 (1995) did not provide an objectively reasonable basis for his conduct. That treatise merely advises: "Even though the stay may be automatic in state practice, in federal court a party who seeks the protection of a stay under Rule

22

62(f) *should* file with the court ... the request for the stay". *Id.* (emphasis added). It goes without saying that the use of the term "should" does not convey to the objectively reasonable reader that a motion is required. Instead, this language conveys the message that filing a motion is a prudent course of action. Furthermore, for this proposition, the treatise relies upon the ***Van Huss*** *dictum*.

Turning to other authorities now relied upon by Minor and the majority, Minor looks to ***Moses v. K-Mart Corp.***, 922 F. Supp. 600 (S.D. Fla. 1996), *rev'd in part*, 136 F.3d 140 (11th Cir. 1998), where the district court approved a judgment creditor's execution of a judgment prior to approval of a supersedeas bond. Although Minor cited ***Moses*** in his response to the sanctions motion and in his initial affidavit in support of that response, he did not list ***Moses*** in his supplemental affidavit as authority upon which he relied in seeking the writ.

Nevertheless, as Minor admits, ***Moses*** does not address the requirements of Rule 62(f). Moreover, ***Moses*** is distinguishable. There, the judgment creditor waited three months after the stay of execution had expired and informed the district court it was seeking to execute judgment. *Id*. at 601-02. In contrast, Minor waited only three days after the new trial denial, at which point, according to Minor, any stay expired; and, other than the writ- request to the court clerk, Minor did not disclose to the district court his intentions to execute on that judgment.

23

Any reliance by Minor on ***White v. Phillips***, 88 F.R.D. 263 (N.D. Ga. 1980), was also objectively unreasonable. Although Minor now relies upon ***White***, he did not cite it in either his response to the sanctions motion or in his initial affidavit; and, consistent with his treatment of ***Moses***, he did not cite ***White*** in his supplemental affidavit as authority upon which he relied in seeking the writ.

In any event, the judgment creditor in ***White*** moved, pursuant to Federal Rule 62(a), that the judgment debtor be required to post a supersedeas bond. According to the creditor, an appellee creditor, under Georgia law, may obtain an order requiring an appellant debtor to post bond. The court concluded that Federal Rule 62(a) was not applicable, but that Federal Rule 62(f) was. It ruled, however, that the debtor did not have to post bond because he had not moved for a stay under Rule 62(f). And, it observed that Rule 62(f) "does not serve to automatically stay the execution of a judgment in the absence of a request for a stay by the appellant, even in a case such as the instant one in which under the state law a stay would be automatic". ***Id***. at 265. This language is *dictum*; at issue in ***White*** was whether the judgment debtor was required to move for a stay under Federal Rule 62(f) in order to be required to post bond, not whether a motion was required to qualify for an automatic stay granted by state law. As noted, Minor also asserted in his supplemental affidavit that, because Kmart had moved for a stay under Federal Rule 62(b) when it had earlier moved for a

24

new trial, such action was inconsistent with any belief that, post-denial of that motion, a stay existed pursuant to Federal Rule 62(f). Reliance upon this theory was not objectively reasonable either. Obviously, Kmart's utilizing an alternative method for securing a stay pending a ruling on its new trial motion did not operate to abandon a stay emanating from another source, such as Federal Rule 62(f), following the ruling.

Because of policy considerations concerning varying state law, the majority concluded a motion is required to trigger Federal Rule 62(f) because the converse would be "unwise and inappropriate and [it] therefore decline[d] to impose such a heavy and unnecessary burden upon our brethren in the district courts". *Maj. Op.* at 7. But, surely, such burden-shifting considerations are not part of the decisional calculus for an attorney seeking to comply with Rule 11. In short, what the majority observes is quite true: there is no clear authority that a motion under Federal Rule 62(f) *is not* necessary to trigger the Mississippi Rule 62(a) automatic stay. *Id.* at 9-10. But, the converse is also true: there is no authority that a motion *is* required.

Therefore, the objectively reasonable course of action would have been to have sought clarification from the district court. This is because of: (1) the lack of an express motion requirement in Rule 62(f); (2) the uncertain nature of the law regarding Rule 62(f); and (3) the clear language of Mississippi Rule 62(a) that, at least in Mississippi courts, there is an *automatic* ten day stay of execution from the date of a

25

new trial motion denial.

Accordingly, Minor's writ-request was not objectively reasonable and warrants the imposition of Rule 11 sanctions. Restated, the district court did *not* abuse its discretion in awarding sanctions on that basis.

B.

As discussed, the district court had another, independent basis for the award: its finding that Minor's conduct during the attempted writ-execution was "for [a proscribed] improper purpose", *see* FED. R. CIV. P. 11(b)(1): harassing Kmart. For this point, Minor's attempted execution of judgment is not the issue; his underlying "improper purpose" is. Again, his conduct is subject to a standard of objective reasonableness. *See Childs*, 29 F.3d at 1024.

The majority concludes

> that any embarrassment suffered by Kmart as a result of Minor's methodology in executing the judgment at the store is insufficient to justify sanctions under Rule 11. Minor sought to execute on a final judgment for his client. He appropriately sought and obtained a Writ of Execution in accordance with the federal rules. *Absent exceptional circumstances*, the court should not read an *ulterior motive* into a document filed for a legitimate purpose....

*Maj. Op.* at 12 (emphasis added). It then states that, while it does not condone Minor's actions, and while, in fact, those actions were "patently inappropriate", any discipline should flow from a state bar. *Id*.

26

The majority's "exceptional circumstances" exception is present here. Minor's conduct is precisely the type Rule 11 is designed to address and remedy; and the district court's fact-based determination that the writ-request was for the purpose of harassing Kmart, as evidenced by the totally unnecessary and collateral media-play, is entitled to great deference.

Certainly, that finding was not clearly erroneous. It was against the backdrop of earlier improper actions by Minor during trial. For example, the district court had sanctioned him $1,000 for failing, when an objection was made, to respond to the court, rather than to opposing counsel, despite the court's instructions to Minor to do so. *See Whitehead*, 163 F.3d at 277 n.3.

The district court did not abuse its discretion. It spoke with counsel for the parties, including Minor, on the day of the incident and was, needless to say, in a far, far better position than we to rule on Rule 11 sanctions. Obviously, this is why we review its decision under a very deferential abuse of discretion standard.

### III.

For the foregoing reasons, I would hold the district court did not abuse its discretion in imposing Rule 11 sanctions. Because my esteemed brethren in the majority hold otherwise, I must respectfully dissent.

In any event, in the light of the majority's conclusion that Minor's "intentional

use of publicity for the purpose of embarrassing an adversary is patently inappropriate" and is for a state bar to consider, *Maj. Op.* at 12, it is hoped that, at the very least, the district court will so refer this matter.